UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

MAY 1 7 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-378-GWU

SOPHIA MUSTER,                                              PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT,

INTRODUCTION

Sophia Muster brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits.  The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to step 4.  If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. 404.1521, 416.921.  The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Muster, a 57 year-old former deli cook and baker with an 8th grade education, suffered from impairments related to a generalized anxiety disorder and borderline intelligence. (Tr. 19, 21, 23). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 23). Since the claimant was found to be able to return to her past work, she could not be considered totally disabled. (Tr. 23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Muster could return to her past work, the ALJ relied, in part, upon the testimony of Vocational Expert Daryl Martin. The hypothetical question presented to Martin included such non-exertional limitations as a "limited but not completely precluded" ability in such areas as understanding, remembering and carrying out both complex and detailed job instructions,

5

dealing with the public, and dealing with work stress as well as a "fair to poor" ability to behave in an emotionally stable manner. (Tr. 343). In response, the witness indicated that the hypothetical question did not preclude the plaintiff's past cooking and baking work.[1] (Tr. 344). The witness also identified a significant number of other jobs which could still be performed. (Tr. 344). Therefore, assuming that the vocational factors considered by Martin fairly depicted the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Muster's condition, as required by Varley. The question included all of the mental restrictions suggested by Psychologist Christopher Catt, an examining consultant (Tr. 312-313), and Dr. Dixie Moore, a non-examiner, who testified as a medical advisor (Tr. 342). The question was also essentially consistent with the limitations suggested by Dr. Kevin Eggerman, another examiner (Tr. 163), as well as those of Psychologists Jay Athy (Tr. 166) and Edward Ross (Tr. 197), the non-examining medical reviewers. The plaintiff's treating source at Stuarts Draft Family Practice diagnosed depression which met the requirements of a major affective disorder. (Tr. 214). However, more severe mental limitations than those found by the ALJ were not identified. These reports provide substantial evidence to support the administrative decision.

Intelligence testing administered by Catt revealed a performance IQ score of 70, a Verbal IQ score of 69 and a Full Scale IQ score of 67, all scores within the range of Section 12.05(C) of the Listing of Impairments. Although the

---

[1]The Court notes that the vocational expert initially seemed to indicate that the past work would be precluded but later unambiguously stated that it could be done. (Tr. 343-344).

6

examiner did state that the scores appeared to be valid, he also questioned her effort and ultimately diagnosed borderline intelligence rather than mild mental retardation. (Tr. 309, 311). Moore, the medical advisor, speculated that the examiner's validity statement might have been a typographical error and did not diagnose mild mental retardation. (Tr. 341-343). Even if the scores were considered valid, the claimant would still have to prove that these intellectual deficits were manifested during the developmental stage before age 22. 20 C.F.R. Part 404, Subpart P, App. 1, Section 12.05. This issue is not addressed in the current record. Furthermore, the plaintiff has not argued that her condition met a Listing. Therefore, under these circumstances, the Court finds that the Listing is not met.

Muster argues that the ALJ erred in failing to find that she did not suffer from a "severe" impairment relating to a spastic bladder and memory loss. She notes that these problems were mentioned by the treating source at Stuart's Draft Family Practice. However, the mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). The only functional restriction indicated by the Stuart's staff was a need to quit smoking. (Tr. 245). Furthermore, Dr. Richard Whitehall, a treating source, released Muster to return to work in December of 1999, a time period during which the plaintiff alleged that she was disabled. (Tr. 120). Dr. Hughes Helm (Tr. 156) and Dr. Mark Burns (Tr. 191), each an examining consultant, specifically opined that the claimant did not suffer from impairments with regard to sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking or traveling. Dr. Jorge Baez-Garcia, a non-examining medical reviewer, opined that the plaintiff did not suffer from a "severe" physical impairment. (Tr. 196). More severe restrictions than those

7

found by the ALJ were not reported by the staff at Pulaski Community Hospital (Tr. 125-144), the staff at the Augusta Medical Center (Tr. 145-150, 181-182), and the staff of Emergicare of Waynesboro (Tr. 183-186). Therefore, the Court must reject the claimant's argument.

Finally, Muster asserts that the ALJ erred in finding that she could return to her past work. The Court notes that even if the plaintiff was correct, the vocational expert also cited a significant number of other jobs which could still be performed. Therefore, any error would be harmless.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___/7___ day of May, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8